IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| LORENZA L. HODGES, #600727, | ) | |
|     Petitioner, | ) | |
| | ) | |
| v. | ) | 3:08-CV-1341-O |
| | ) | |
| NATHANIEL QUARTERMAN, Texas | ) | |
| Departmentof Criminal Justice, | ) | |
| Correctional Institutions Division, | ) | |
|     Respondent. | ) | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b), and an order of the Court in implementation thereof, this case has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge, as evidenced by his signature thereto, are as follows:

FINDINGS AND CONCLUSIONS:

Type of Case: This is a *pro se* petition for habeas corpus relief filed by a state inmate pursuant to 28 U.S.C. § 2254.

Parties: Petitioner is currently confined at the Estelle Unit of the Texas Department of Criminal Justice -- Correctional Institutions Division (TDCJ-CID) in Huntsville, Texas. Respondent is the Director of TDCJ-CID. The court did not issue process in this case, pending preliminary screening.

Statement of Case: Following a plea of not guilty, a jury convicted Petitioner of murder with a deadly weapon in the 363rd District Court of Dallas County, Texas, in Cause No. F91-42598. (Petition (Pet.) at 2). On October 21, 1991, the court sentenced him to twenty years

imprisonment. (*Id.*).

In this action, Petitioner does not challenge the validity of his underlying criminal conviction and sentence. Rather, he seeks to attack a prison disciplinary proceeding, number 20070304060. (Pet. at 5). After a hearing, on July 5, 2007, Petitioner was found guilty of the charge and punishment was assessed as follows: forfeiture of 60 days of good-time credits; demotion from L1 to L2 class status; cell and other restrictions for 45 days; and continuation of his G4 custody. (*Id.*).[1]

In his timely petition for a writ of habeas corpus,[2] Petitioner alleges as follows: (1) he was denied his right of access to the court when he was denied the use of "an offender protection investigation (OPI)"; (2) he was deprived the right to present a defense; and (3) he was subjected to retaliation for exercising his constitutional rights. (*See* Pet. at 7). Prior to filing this action, Petitioner exhausted his administrative remedies. (*See* Step 2 attached to Pet.).[3]

Findings and Conclusions: The present petition is subject to summary dismissal pursuant to Rule 4, of the Rules Governing Section 2254 Proceedings. That Rule provides that "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the

---

[1] He lists the Beto I and Estelle Units as the location where he was found guilty of the disciplinary violation.

[2] In disciplinary proceedings, the one-year period starts from date on which Petitioner was found guilty of the disciplinary violation and learned of the loss of good time credits, although tolling is allowed during the pendency of grievance proceeding. *See Kimbrell v. Cockrell*, 311 F.3d 361 (5th Cir. 2002).

[3] Jurisdiction is proper in this court. *See* 28 U.S.C. § 2241(d); *Wadsworth v. Johnson*, 235 F.3d 959, 961 (5th Cir. 2000) (jurisdiction in prison disciplinary cases is proper in either the district where the prisoner is in custody or the district in which the state court convicted and sentenced him).

2

petitioner."

Petitioner filed this action on the form petition for seeking habeas corpus relief by a person in state custody. *See* 28 U.S.C. § 2254. While the petition clearly challenges a disciplinary proceeding, which resulted in the loss of good time credits, some of his grounds present civil rights type claims. Specifically, Petitioner complains of the denial of his right of access to the court and retaliation for exercising his constitutional rights. He requests damages for "the use of unconstitutional administrative procedures," and confirms that he "is not asking for restoration of good time credits." (*See* Pet. at 7, ¶ A).

A request for monetary relief is generally cognizable only in a civil rights action under 42 U.S.C. § 1983. A petition for writ of habeas corpus permits a petitioner to seek immediate or earlier release from custody. *Wilkinson v. Dotson*, 544 U.S. 74, 78, 125 S.Ct. 1242, 1245 (2005); *Preiser v. Rodriguez*, 411 U.S. 475, 488-90, 93 S. Ct. 1827, 1835-37 (1973); *see also Carson v. Johnson*, 112 F.3d 818, 820 (5th Cir. 1997); *Orellana v. Kyle*, 65 F.3d 29, 31 (5th Cir. 1995) (per curiam). Petitioner will need to consult his prison law library to obtain the requisite form for filing a civil rights complaint under § 1983. Alternatively, he may request the Court Clerk to forward to him the § 1983 complaint form.

Insofar as Petitioner seeks to proceed with this action, he is not entitled to habeas relief. Prisoners charged with rule violations are entitled to certain due process rights under the Fourteenth Amendment when the disciplinary action results in a sanction that will impinge upon a liberty interest. *See Sandin v. Conner*, 515 U.S. 472, 484, 115 S.Ct. 2293, 2300 (1995) (holding that a prisoner's liberty interest is "generally limited to freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by

the Due Process Clause of its own force, nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life."). In Texas, only sanctions that result in the loss of good-time credits for inmates who are eligible for release on mandatory supervision, or that otherwise directly and adversely affect release on mandatory supervision impinge upon a protected liberty interest, that is, a constitutional expectancy of early release. *See Malchi v. Thaler*, 211 F.3d 953, 957-58 (5th Cir. 2000).

Petitioner is not eligible for release on mandatory supervision. The mandatory supervision statute in effect in 1991, when he committed murder, provided that "an inmate may not be released to mandatory supervision if the inmate is serving a sentence for ... a first degree felony under Section 19.02, Penal Code (Murder)." Tex. Crim. Proc. art. 42.18 § 8(c)(1) (West 1991).[4] Since Petitioner is ineligible for mandatory-supervised release, the loss of good time credits in his disciplinary case does not implicate a protected liberty interest. *Kimbrell,* 311 F.3d at 362; *Malchi,* 211 F.3d at 956-58.

Nor do cell and other restrictions, or the reduction in line-class status implicate due process concerns. *Madison v. Parker*, 104 F.3d 765, 768 (5th Cir. 1997) (commissary and cell restrictions do not impose a significant or atypical hardship on the inmate in relation to the ordinary incidents of prison life); *Luken v. Scott,* 71 F.3d 192, 193 (5th Cir. 1995) (reduction in line-class status do not implicate due process concerns). The same holds true with regard to any expectation of release on parole. *See Madison*, 104 F.3d at 768 (holding that because it is entirely speculative whether a prisoner will be released on parole, there is no constitutional

---

[4] Texas revised statute also excepts from mandatory supervision individuals convicted of murder. *See* Tex. Govt Code § 508.149(a)(2) (West 2008).

expectancy to parole in Texas).

RECOMMENDATION:

For the foregoing reasons, it is recommended that the petition for a writ of habeas corpus be summarily DISMISSED pursuant to Rule 4, of the Rules Governing § 2254 proceedings. To the extent Petitioner requests monetary relief, his claims may be cognizable in a civil rights action under 42 U.S.C. § 1983.

A copy of this recommendation will be transmitted to Petitioner.

Signed this 4th day of December, 2008.

_____
WM. F. SANDERSON, JR.
UNITED STATES MAGISTRATE JUDGE

NOTICE

In the event that you wish to object to this recommendation, you are hereby notified that you must file your written objections within ten days after being served with a copy of this recommendation. Pursuant to *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (*en banc*), a party's failure to file written objections to these proposed findings of fact and conclusions of law within such ten-day period may bar a *de novo* determination by the district judge of any finding of fact or conclusion of law and shall bar such party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed findings of fact and conclusions of law accepted by the district court.